UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jessica Brough,

Plaintiff,

v.

Brooke Rollins, in her official capacity
as Secretary of the United States
Department of Agriculture,

Defendant.

Case No. 3:25-cv-2027

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION

Defendant Brooke Rollins, Secretary of the United States Department of Agriculture ("USDA"), moves to dismiss Plaintiff Jessica Brough's Complaint for pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 18). Brough filed a brief in opposition, (Doc. No. 19), and the USDA filed a brief in reply. (Doc. No. 20). For the reasons stated below, I grant the motion to dismiss.

## II. BACKGROUND

Brough worked as a program technician for the USDA from 1999 until her termination in November 2021. Believing she had been discriminated against during her employment due to her disability, as well as that the USDA failed to accommodate her disability, Brough filed suit against the USDA and her former supervisor, Jodi Bolen, on January 7, 2024. *Brough v. United States Department of Agriculture*, Case No. 3:24-cv-38 (N.D. Ohio) ("*Brough I*").

Approximately 20 months later, on September 23, 2025, Brough filed this lawsuit after receiving a right to sue letter from the Equal Employment Opportunity Commission on June 25, 2025. Here, Brough alleges the USDA: failed to provide her with proper documentation of her termination, to pay her wages she earned in two pay periods, and to "provide documents necessary to maintain her health and life insurance"; denied her requests for leave prior to her termination without justification; denied her request to take leave under the Family and Medical Leave Act; and discontinued a reasonable accommodation for her disability. (Doc. No. 1 at 3-4). She also alleges that the supervisor who took over after Bolen retired harassed her. (*Id.* at 4).

Brough asserts claims for disability discrimination, retaliation, and hostile work environment, all in violation of the Rehabilitation Act. (Doc. No. 1 at 5-7).

## III. STANDARD

Rule 12 provides for the dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted)).

The plaintiff must offer more than conclusory allegations or legal conclusions masquerading as factual allegations. *Twombly*, 550 U.S. at 555 (The complaint must contain something more than "a formulaic recitation of the elements of a cause of action."). A complaint must state sufficient facts which, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

Courts must read Rule 12(b)(6) in conjunction with Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir. 2008). The court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case[,] and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV. ANALYSIS

The USDA asserts Brough's Complaint must be dismissed because it violates the rule against claim splitting.[1] (Doc. No. 18).

Claim-splitting is a rule derived from the doctrine of res judicata, also known as claim preclusion. Claim preclusion prohibits a plaintiff from pursing a subsequent case involving causes of action which were or should have been litigated in an earlier case in which a court already has issued a final merits decision. In the same vein, the rule against claim-splitting conserves judicial resources by permitting a court to consider '"whether the first suit, assuming it were final, would preclude the second suit,"' rather than waiting for the first suit to reach its conclusion. *Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 260 (6th Cir. 2019) (quoting *Katz v. Gerardi*, 655 F.3d 1212,

[1] I conclude this argument is dispositive and, therefore, I do not consider the other arguments the USDA raised in its motion.

1218 (10th Cir. 2011)). *See also* 4 Elizabeth M. Bosek, J.D., et al., Cyclopedia of Federal Procedure § 14:196 (3d ed. Jan. 2021 update) ("Where the parties, the subject matter, and the relief sought are the same, the rule is to require a plaintiff to try the . . . whole case at one time and hence to deny the plaintiff the right to split a claim. A final judgment in the other case is not a prerequisite to the bar against claim splitting . . . .").

"'The rule against claim-splitting requires a plaintiff to assert all of [her] causes of action from a common set of facts in one lawsuit.'" *Waad*, 762 F. App'x at 263 (Moore, J., concurring) (quoting *Katz*, 655 F.3d at 1217). *See also Patterson v. UnitedHealth Group, Inc.*, 161 F.4th 415, 426 (6th Cir. 2025) (noting cases arising "from the same set of facts" as an earlier filed case before the same court are subject to dismissal) (citation and internal quotation marks omitted); *Church Joint Venture, L.P. v. Blasingame*, 817 F. App'x 142, 146 (6th Cir. 2020) ("The prohibition against claim splitting requires the plaintiff to present all material relevant to a claim in the first action and permits the district court to dismiss a second action grounded in that same set of facts.") (citing Restatement (Second) of Judgments § 25 (1982)).

Brough's Complaint in this case and her Complaint in *Brough I* arise from the same set of operative facts – Brough's employment with the USDA, her treatment by Bolins and other USDA employees during her employment, and her termination.

Brough argues this case should not be dismissed because she did not receive her right to sue letter until June 2025, and "[t]he Sixth Circuit has recognized that claim preclusion does not bar claims that were not available when the earlier action was filed." (Doc. No. 19 at 15) (citing *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529-30 (6th Cir. 2006)). But, while it is true that the rule against claim-splitting does not apply where "the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground," Restatement (Second) of Judgments § 25,

Comment. e (1982; Oct. 2020 update), a "right-to-sue letter is a condition precedent and not a jurisdictional requirement." *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998).

Numerous federal appellate courts have held a plaintiff was precluded from pursuing a second lawsuit against the plaintiff's employer where the plaintiff could have moved to amend the plaintiff's complaint in "another, sufficiently related, pending federal action, even though to do so could pretermit EEOC administrative proceedings." *Heyliger v. State Univ. & Cmty. Coll. Sys. of Tennessee*, 126 F.3d 849, 856 (6th Cir. 1997) (citing *Herrmann v. Cencom Cable Assoc., Inc.,* 999 F.2d 223, 225-26 (7th Cir. 1993)). *See also Heyliger*, 126 F.3d at 856 (citing *Woods v. Dunlop Tire Corp.,* 972 F.2d 36, 40 (2d Cir. 1992), for the proposition that a "Title VII action [was] precluded where plaintiff could have sought a right-to-sue letter and amended [the] complaint in [a] pre-existing federal lawsuit to include Title VII claim"); *Donald v. Frugal I Inc.*, 74 F. App'x 593, 596 (6th Cir. 2003) ("[R]es judicata bars claimants who had not yet received their Right to Sue letters when their first lawsuits were pending from bringing subsequent lawsuits based upon the same set of operative facts . . . ."); *Nosse v. Potter*, No. 23-3256, 2023 WL 8788874, at *4 (6th Cir. Dec. 19, 2023) (affirming dismissal on claim preclusion grounds of plaintiff's Rehabilitation Act claim where plaintiff could have requested a right-to-sue letter from the EEOC to bring that claim while plaintiff's original lawsuit based upon the same operative facts was pending) (citing 29 U.S.C. § 794a(a)(1)).

In *Heyliger*, the Sixth Circuit concluded that "[n]ot requiring Title VII plaintiffs to comply with this requirement would mean, as Judge Posner observed in *Herrmann,* that 'a significant fraction of legally questionable discharges would give rise to two suits,' a result that would be 'inefficient and . . . unduly burdensome to employers and hence indirectly to other workers and to consumers as well as to stockholders. . . .'" 126 F.3d at 856 (quoting *Hermman*, 999 F.2d at 225). *See also Hapgood v. City of Warren*, 127 F.3d 490, 494 (6th Cir. 1997) (affirming district court dismissal of plaintiff's disability discrimination claim pursuant to the doctrine of claim preclusion because "once plaintiff

received his right to sue letter from the EEOC, he could and should have attempted to amend his complaint . . . [in his earlier-filed case] to include this ADA claim").

Brough offers several other arguments against dismissal, none of which are persuasive.

First, Brough argues that dismissing this case "with prejudice would reward Defendant for refusing a stipulation" to amend her complaint in *Brough I*. (Doc. No. 19 at 15). True, the USDA's acquiescence would have streamlined matters for Brough. *See* Fed. R. Civ. P. 15(a)(2) (permitting "a party . . . [to] amend its pleading . . . with the opposing party's written consent" when more than 21 days have passed after a responsive pleading or motion was filed). But nothing prohibited Brough[2] from filing a motion for leave of court to pursue an amended complaint, where courts are instructed to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Brough next argues that the fact that I ordered counsel for the parties "to address discovery disputes in both cases together . . . [and] set the briefing schedule in *Brough II* while addressing discovery management in *Brough I* . . . is powerful evidence that the appropriate response to any overlap is coordinated case management, not dismissal with prejudice." (Doc. No. 19 at 17). But the fact that I took the occasion of having counsel for the parties together in the courtroom to set the briefing schedule for this motion to dismiss is not evidence of anything beyond the fact of what occurred. And Brough fails to explain how this procedural efficiency can act to bar the USDA for pursuing any viable legal defense it has to her claims.

Finally, Brough asserts that the proper remedy in this case is not dismissal but a lesser sanction such as a "stay [of] this action, consolidate this action with *Brough I*, direct Plaintiff to amend or narrow overlapping allegations, or dismiss only any truly redundant portion without prejudice." (*Id.* at 18). But this case already has produced the exact costs to the parties and judicial

[2] The April 17, 2025 deadline to amend pleadings proposed by the parties and adopted by me in the Case Management Order in *Brough I* was the deadline to amend pleadings without leave of Court. *See Brough I*, Case No. 3:24-cv-38, Doc. Nos. 30 and 31).

resources that the doctrine against claim splitting is designed to prevent. I am not persuaded that the appropriate solution is to incur yet more costs and consume yet more resources.

## V. CONCLUSION

For the reasons stated above, I conclude Plaintiff Jessica Brough's claims in this lawsuit are barred by the doctrine against claim splitting, and I grant the motion to dismiss filed by Defendant Brooke Rollins, Secretary of the United States Department of Agriculture. (Doc. No. 18).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge